{¶ 1} I respectfully dissent from the majority's decision, as it pertains to Motorist, on the issue of whether appellants are legally entitled to recover. The majority concludes that as the phrase "legally entitled to recover" has been defined, in the case law, appellants are able to demonstrate the elements of their negligence claim against the tortfeasor and therefore, are legally entitled to recover. The majority also finds appellants are legally entitled to recover because the Motorist policy does not identify at what time the insureds' ability to legally recover is to be determined.
 {¶ 2} Pursuant to my decision in Heidt v. Federal Ins. Co., Stark App. No. 2002CA00314, 2003-Ohio-1785, I would remand this issue for the trial court to apply the Ferrando analysis because the failure to timely file a lawsuit, in a negligence case, is essentially a failure to protect the insurer's subrogation rights. See Heidt at 9. Therefore, I would conclude appellants breached Motorist's subrogation provision by not timely filing a lawsuit against the tortfeasor within the applicable statute of limitations. I would also find a presumption exists that Motorists has been prejudiced by this breach and would remand this matter, to the trial court, for appellants to present evidence to rebut this presumption of prejudice and for the trial court to determine whether there is a genuine issue of fact as to whether Motorist was prejudiced.